United States District Court
Southern District of Texas

**ENTERED**

September 14, 2021
Nathan Ochsner, Clerk

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  TEXAS
CORPUS  CHRISTI  DIVISION

| | | |
|---|---|---|
| CENTRAL  TEXAS  EXPRESS | § | |
| METALWORK, LLC; dba EXPRESS | § | |
| CONTRACTING, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL  ACTION  NO. 2:20-CV-193 |
| | § | |
| ELIZABETH  YETMAN  CHAVEZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM  AND  RECOMMENDATION

Pending is Plaintiff Central Texas Express Metalwork, LLC's Motion to Dismiss. (D.E. 94).   Defendants ARS Specialty Contractors and Elizabeth and Ramiro Chavez have filed a response in opposition.   (D.E. 100).   For the following reasons, the undersigned **RECOMMENDS** Plaintiff's Motion be **GRANTED** and this case be dismissed without prejudice.[1]   (D.E. 94).

## I.      BACKGROUND

The parties dispute whether Defendants, who contracted with the United States Government to complete ten construction projects and were paid for completing these projects, properly paid Plaintiff, Defendants' subcontractor, to complete the work required by the federal contracts.   Approximately half of the ten projects were bonded by

---

[1]As the undersigned recommends this case be dismissed without prejudice, the undersigned declines to consider Plaintiff's alternative request that arbitration be compelled.   (D.E. 94, Pages 5-17).

surety Great American Insurance Company, a former defendant in this case. Plaintiff and Great American settled their claims, which were the basis for federal jurisdiction, and Great American was dismissed from this case on August 25, 2021. (D.E. 92 and D.E. 95). The remaining grounds for relief are based solely on state law including claims under the Texas Construction Trust Fund Act ("TCTFA") and for breach of contract, breach of fiduciary duty, fraud and unjust enrichment. (D.E. 74).

## II.    LEGAL STANDARD

A district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Other relevant factors include "judicial economy, convenience, fairness and comity." *Alphonse v. Arch Bay Holdings, LLC*, 618 F. App'x 765, 769 (5th Cir. 2015) (citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009)). As a general rule, "a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial, but this rule is neither mandatory nor absolute [and] no single factor is dispositive." *Brookshire*, 554 F.3d at 602.

## III.    ANALYSIS

All federal claims have now been dismissed from case. At least one of the remaining claims, contrary to Defendants' assertions, does involve a complex issue of

state law under TCTFA and therefore, "the first three Section 1367(c) factors, considerations of comity, and the general rule supporting dismissal when all federal claims are eliminated all weigh in favor of declining supplemental jurisdiction." *Alphonse*, 618 F. App'x at 769.

Additionally, the undersigned recommends judicial economy, convenience and fairness all weigh against maintaining jurisdiction. While the case was filed on July 28, 2020, a second amended complaint was filed on January 15, 2021 adding an additional Defendant. (D.E. 40 and D.E. 41). Further, while the current discovery and dispositive motion deadlines expired one month ago, given the parties' numerous outstanding discovery disputes and motions related to compelling depositions and document production, it is clear the Court will have to extend these deadlines. Further, while the Court has recently issued a decision on a Partial Motion to Dismiss, the Court has not ruled on the recently filed Motion for Partial Summary Judgment nor has the Court considered Plaintiff's Motion for Leave to file a Third Amended Complaint. (D.E. 74; D.E. 80; and D.E. 90). Additionally, Defendant ARS Specialty Contractors recently filed a Third Party Complaint last month against Plaintiff's President and Owner individually, alleging a state law claim of fraudulent inducement which has yet to even be served. (D.E. 83 and D.E. 97). Reviewing the current progress in this case, it is clear deadlines will need to be extended and the trial setting will need to be reset to a date sometime next year.

Accordingly, the facts in this case are clearly distinguishable from the cases cited by Defendants in support of this Court maintaining supplemental jurisdiction. For

example, in *Brookshire Brothers*, the case was pending for more than three years, there were more than 1,300 docket entries, the court had decided 41 dispositive motions as well as 14 *Daubert* motions and seven motions *in limine*, and the parties were making final preparations for a trial that had been continued four times.  *Brookshire*, 554 F.3d at 598. Additionally, in *Garcia v. City of McAllen, Texas*, the case had been pending for more than a year and a half and the Court had resolved a range of substantive and procedural motions on the merits of the case, including a motion for judgment on the pleadings on the remaining state law claim, which gave the Court "substantial familiarity with the merits of the case."  853 F. App'x 918, 921 (5th Cir. 2021) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (Exercising supplemental jurisdiction was appropriate because the case had "progressed to the advanced stages of litigation with little left to do before trial" and the Court had "devoted many hours" of review and research when making comprehensive summary judgment rulings).  The effort and resources expended in this case, with only 102 docket entries, are nowhere near this level.  Discovery remains unfinished, the trial must be rescheduled, no *Daubert* motions or motions *in limine* have been filed and the Court has issued a decision on a Partial Motion to Dismiss, not on the merits in a summary judgment motion.  Further, while Defendants assert they may have to relitigate the claims that have been previously dismissed from this case, the undersigned recommends this would require minimal additional expense when compared with the extensive amount of remaining litigation required to ready this case for trial. Additionally, the discovery obtained in this case may be used in the state court

proceeding.  Accordingly, the undersigned recommends there is no reason to depart from the usual rule that dismissal is appropriate.

**IV.    RECOMMENDATION**

For the reasons stated above, the undersigned **RECOMMENDS** Plaintiff's Motion be **GRANTED** and this case be dismissed without prejudice. (D.E. 94).

ORDERED this 14th day of September, 2021.

Jason B. Libby
United States Magistrate Judge

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).